TIMOTHY COURCHAINE
United States Attorney
District of Arizona

JACQUELINE SCHESNOL
Arizona State Bar No. 016742
Assistant U.S. Attorney
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
Email: jacqueline.schesnol@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | No. CR 23-01809-003-PHX-DGC |
|---|---|
| Plaintiff, | |
| vs. | **UNITED STATES' SENTENCING MEMORANDUM** |
| Karra Bene Lewis, | |
| Defendant. | |

Defendant Karra Bene Lewis ("Defendant" or "Karra Lewis") pleaded guilty to Count 46, Material False Statements During the Purchase of a Firearm, and Aid and Abet. The United States recommends Defendant Karra Lewis be sentenced a custodial sentence below the United States Sentencing Guidelines ("Guidelines"), as recommended in the Final Presentence Report ("PSR"). The United States further recommends that Defendant Karra Lewis receive a term of three-years' supervised release.

The United States has no legal objections or factual corrections to the PSR. (ECF 116.) The United States agrees with the PSR calculations resulting in a Total Offense Level of 24 and Criminal History Category I. PSR at ¶¶ 40, 44, and 70. This results in a Guidelines range of 51-63 months' imprisonment. A recommendation of a custodial sentence below the Guidelines is supported by the following Memorandum of Points and Authorities.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    FACTS AND PROCEDURAL HISTORY

A grand jury indicted Defendant Karra Lewis on December 20, 2023.  (Doc. 1.) Defendant Karra Lewis entered a guilty plea on November 25, 2024.  (Doc. 99.)  Karra Lewis pleaded guilty to Count 46 of the Indictment, Material False Statements During the Purchase of a Firearm and Aid and Abet, in violation of 18 United States Code §§ 922(a)(6), 924(a)(2), and 2.

The facts giving rise to Karra Lewis's crime are detailed in the plea agreement and further detailed in the PSR, including the fact she purchased over a dozen firearms on behalf of her co-defendant and husband.  Some of those firearms have been recovered,[1] mostly in California.

In addition to the facts in the plea agreement, it is important to consider these facts as well:  Defendant Karra Lewis purchased firearms for her husband, who is a convicted felon.  An individual in California, with a felony conviction, sent money to co-defendant Kevin Lewis using CashApp;[2]  co-defendant Kevin Lewis then sent money to Defendant Karra Lewis through CashApp on two occasions (August 9, 2020 and October 30, 2020) within 24 hours; and Defendant Karra Lewis then purchased firearms.  On January 4, 2021, the felon in California transferred money directly to Defendant Karra Lewis; Defendant Karra Lewis then transferred that money to her bank account; within minutes she used her debit card to buy a firearm for an amount for nearly the same amount of the money transferred.

## II.    UNITED STATES'S SENTENCING RECOMMENDATION

Based on the analysis below, the United States recommends that Defendant Karra Lewis receive a custodial sentence below the Guideline range, in the Bureau of Prisons

---

[1] The precise number fluctuates as firearms continue to be recovered.
[2] Cash App is a financial platform. Users can send/receive money they have in their Cash App account. Cash App offers a free Visa debit card linked to the user's Cash App balance. Cash App does provide banking services (even though they are not a bank) through its bank partners.

("BOP") followed by a term of three-years' supervised release.  As calculated in the PSR, Defendant Karra Lewis has a Total Offense Level of 24, Criminal History Category I, and a Guidelines range of 51-63 months' imprisonment.  The United States will dismiss the remaining counts of the Indictment at the time of sentencing.

### A.    A Custodial Sentence in BOP is Appropriate under § 3553(a)

The Sentencing Guidelines range is the "starting point and the initial benchmark" for all sentencing proceedings and should be "kept in mind throughout the process." *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008) (en banc) (citations omitted).  The Sentencing Guidelines range is not presumed to be reasonable, but instead is only one of the § 3553(a) factors to be considered by the Court.  *Id.* (citations omitted).  When a court determines that a sentence outside of the Guidelines range is warranted, it must "consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." *Id.* (quoting *Gall v. United States*, 552 U.S. 38, 50 (2007)).  As such, "a major departure should be supported by a more significant justification than a minor one." *Id.* at 992 (quoting *Gall*, 552 U.S. at 50).

In the present case, based on the reasons set forth herein, the United States submits that a prison sentence below the Guidelines for Defendant Karra Lewis is a fair and just sentence, which is sufficient but not greater than necessary as required by 18 U.S.C. § 3553(a).

### 1.    Nature and Circumstances of the Offense

The Court must consider "the nature and circumstances of the offense and the history and characteristics of the defendant" when imposing a sentence. 18 U.S.C. § 3553(a)(1).  The nature and circumstances of Defendant Karra Lewis offense call for a prison sentence.  Defendant Karra Lewis engaged in criminal activity, which resulted several firearms being purchased on behalf of her husband, who is a prohibited possessor of firearms.  Some of the firearms were recovered out of state.  It appears the criminal activity ended in late 2021, possibly when law enforcement made contact with a co-defendant.  (PSR ¶ 14.)  The nature and circumstances of Defendant Karra Lewis' actions

justify a prison sentence.

### 2.    Defendant's History and Characteristics

Defendant Karra Lewis has no criminal history.  Defendant Karra Lewis has a high school degree and some college and steady employment.  (PSR ¶¶ 61-62.)  For those reasons, the United States recommends a below Guidelines prison sentence.

### 3.    Seriousness of the Offense

Defendant Karra Lewis's sentence must "reflect the seriousness of the offense," "promote respect for the law," and "provide just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A).  Here, Defendant Karra Lewis purchased firearms for her husband.  It appears that she did so with the intent of those going to individuals the government has not had the opportunity to conduct a background check, which has the potential to put deadly weapons into the hands of dangerous individuals.  Here, many of the firearms did go out of state.  It is worth noting that at the time of arrest in early 2024, there was a firearm and a loaded magazine in Defendant Karra Lewis' bedroom.  (PSR ¶ 18.) The crime poses danger to the community, making a prison sentence appropriate.

### 4.    The Need for Adequate Deterrence

The sentence must also "afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2)(B).  A prison sentence is appropriate to deter Defendant Karra Lewis from committing future crimes.   The need for deterrence also extends beyond preventing recidivism by Defendant Karra Lewis.  General deterrence is about preventing criminal behavior by the population at large and, therefore, incorporates some consideration of persons beyond the defendant.  *See United States v. Politano*, 522 F.3d 69, 74 (1st Cir. 2008); *United States v. Medearis*, 451 F.3d 918, 920-21 (8th Cir. 2006) (holding that courts must give "proper weight" to general deterrence as "one of the key purposes of sentencing").  Defendant Karra Lewis' sentence must be sufficient to deter her and other persons who may consider similar criminal conduct.

1

        **5.      Protecting the Public**

2       The Court should also consider the need "to protect the public from further crimes

3   of the defendant" when imposing a sentence. 18 U.S.C. § 3553(a)(2)(C).  While Defendant

4   Karra Lewis has no criminal history, the Court must be assured that the public is protected

5   from Karra Lewis returning to criminal behavior.  Therefore, the imposition of prison is

6   necessary.

7           **6.      Providing Needed Correctional Treatment**

8       The sentence imposed should provide Defendant with necessary and effective

9   "educational or vocational training, medical care, or other correctional treatment." 18

10  U.S.C. § 3553(a)(2)(D).  It is unclear whether Defendant Karra Lewis is in need of

11  additional substance abuse treatment; if so, that can be addressed while she is in prison.

12  Successful treatment could also help to protect the public from any future crimes.

13      **B.      A Three-Year Term of Supervised Release is Appropriate**

14      The United States recommends that Defendant Karra Lewis be placed on supervised

15  release for three years.  This term is warranted by the nature and circumstances of

16  Defendant's offense. *See* 18 U.S.C. § 3583(c) (referencing 18 U.S.C. § 3553(a)(1), etc.).

17  It is also necessary to protect the public from further crimes by Defendant Karra Lewis and

18  to deter her from committing additional crimes in the future. *See id.* (referencing 18 U.S.C.

19  § 3553(a)(2)(B) and (C)).

20  //

21  //

22  //

23  //

24  //

25  //

26  //

27  //

28  //

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## III.     CONCLUSION

The United States recommends that Defendant Karra Lewis receive a below Guideline, and below the statutory maximum, sentence of imprisonment.  The United States further recommends that Defendant receive a term of three-years' supervised release.  For all the reasons set forth herein, this sentence is sufficient but not greater than necessary to comply with the purposes set out in 18 U.S.C. § 3553(a).

Respectfully submitted this 12th day of March, 2025.

TIMOTHY COURCHAINE
United States Attorney

District of Arizona

*s/ Jacqueline Schesnol*
JACQUELINE SCHESNOL
Assistant U.S. Attorney

## CERTIFICATE OF SERVICE

I hereby certify that, on March 12, 2025, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Jacob Faussette
Counsel for Defendant Karra Lewis

*s/ J. Schesnol*
U.S. Attorney's Office

- 6 -